IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC S. IVIEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-067 |
| | ) | |
| SAM B. SIBLEY, JR., and | ) | |
| PENELOPE A. DONKAR, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Richmond County Jail in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds that Plaintiff names the

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

following Defendants: (1) Sam B. Sibley, Jr., circuit public defender, who has represented Plaintiff in his underlying criminal case, and (2) Penelope A. Donkar, assistant public defender, who has also represented Plaintiff in an underlying criminal case. (Doc. no. 1, pp. 4, 5.) Plaintiff alleges that Defendants Sibley and Donkar requested both a preliminary hearing and a bond hearing before the Magistrate Court in Richmond County without Plaintiff's permission. (Id. at 5.) From these assertions, the Court presumes that Plaintiff is alleging violations of his due process rights by Defendants Sibley and Donkar.[2]

## II. DISCUSSION

The Court finds that Plaintiff's claims against Defendants Sibley and Donkar must fail because neither Defendant acted under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because

---

[2]Plaintiff wrote a letter dated June 10, 2010 to the Court wherein he notifies the Court of events involving Defendant Sibley that occurred subsequent to the filing of his complaint. (Doc. no. 4.) Plaintiff also repeats his request for relief that neither Defendant Sibley nor anyone at Defendant Sibley's office represent him regarding his current criminal case. (Id.) Plaintiff's requests for action in a letter are improper. Requests for action must be in a properly filed motion. In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort... it must be contained within a motion arising from a properly filed lawsuit."). Therefore, if Plaintiff wants the Court to take a specific action in the above-captioned case, he must file a properly-captioned motion. Plaintiff may not simply write letters to the Court.

2

the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By making arrangements for hearings in regards to Plaintiff's criminal case, Defendants Sibley and Donkar were simply acting in accordance with their roles as counsel to a defendant in a criminal proceeding and thus are not persons acting under color of state law. Therefore, Plaintiff has not stated a viable § 1983 claim against Defendants Sibley and Donkar.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE